# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN LAWRENCE DUBOIS,     )
                                  )

          **Petitioner,**     )

                                  )

**v.**                           )     **Case No. CIV-13-721-R**

                                  )

**TRACY MCCOLLUM, Warden,**     )

                                  )

          **Respondent.**     )

## ORDER

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Charles Goodwin for preliminary consideration. On April 25, 2014, Judge Goodwin issued a Report and Recommendation wherein he recommended that the petition be denied on the merits. Petitioner filed a timely objection to the Report and Recommendation, giving rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. The Court has conducted this review, and concludes that the Magistrate Judge was correct in the thorough and well-reasoned Report and Recommendation, and only a few of Petitioner's objections deserve elaboration in adopting the Report and Recommendation.

First, the Court notes that Petitioner has abandoned his Ground Two. (Doc. No. 19, p. 2). With regard to his objection addressing his *pro se* supplemental brief, which Petitioner provided to appellate counsel, but which appellate counsel refused to submit, the Court finds

no error in the Report and Recommendation. Petitioner complains that the "Magistrate failed to find as a fact that Petitioner did in fact file a 'pro se supplemental (sic) brief' in his direct appeal of his conviction." (Doc. No. 19, p. 2). The Court acknowledges Petitioner's attempt to file a supplemental brief with the Oklahoma Court of Criminal Appeals, which was stricken by that court, and therefore not considered. Regardless, to the extent Judge Goodwin concluded that certain claims were procedurally barred, i.e., Grounds 3 and 4, he also considered the merits of those claims in conjunction with his assessment of Petitioner's ineffective assistance of appellate counsel claims, Grounds 8 through 11, and thus, any issue regarding Petitioner's supplemental brief is irrelevant to the outcome of the instant petition as is Respondent's failure to address the alleged inadequacies of the state process for filing supplemental briefs..

Petitioner's contention that Judge Goodwin erred in consideration of Petitioner's ineffective assistance of trial counsel claim stemming from counsel's alleged failure to challenge an underlying conviction used to enhance the current sentence, is similarly without merit. As found by Judge Goodwin, counsel did challenge use of the Tulsa County conviction in the sentencing on the case at hand. Furthermore, Petitioner's continued attempt to challenge the validity of that conviction is not appropriate in these proceedings, nor was it appropriate under Oklahoma law to attempt to collaterally challenge the conviction in the state court proceedings underlying this habeas corpus action. Judge Goodwin correctly concluded that counsel was not ineffective for failing to raise that issue on direct appeal.

Petitioner contends Judge Goodwin erred in considering Grounds Five and Six in

conjunction with one another. The Court finds it was not error for him to consider the claims as interrelated, because Petitioner presented them in a manner conducive to such treatment. Specifically, in Ground Five Petitioner alleged ineffective assistance of trial counsel because counsel allegedly failed to obtain a copy of the video from the dash-cam, which Petitioner contends would have impeached the OHP officers involved in his arrest. In Ground Six Petitioner alleged ineffective assistance of trial counsel for failing to timely seek suppression of the evidence he contends was illegally seized, and he argues that the video and audio recording, addressed in Ground Five, would have supported suppression. As such, the Court finds it was not error for Judge Goodwin to consider the issues in conjunction with one another, and further, his conclusion that Petitioner was not entitled to relief on either claim was not erroneous. Additionally it was not error for Judge Goodwin to address the merits of the underlying constitutional claims.

Underlying the majority of Petitioner's claims is his contention that he was convicted based on perjured testimony of the officers who had no basis for initiating the traffic stop that led to his conviction for endeavoring to manufacture a controlled and dangerous substance, and that the falsity of the testimony would be obvious if he were permitted access to the video of the dash-cam from his arrest. The Report and Recommendation, however, thoroughly addresses the arguments raised by Petitioner with regard to his conviction in this case, and the Court finds no basis for declining to adopt the Report and Recommendation. Accordingly, the Report and Recommendation is hereby ADOPTED in its entirety and the petition is DENIED on the merits. Petitioner's request for discovery and an evidentiary

hearing are DENIED for the reasons set forth in the Report and Recommendation.

IT IS SO ORDERED this 10th day of July, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE